IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MS. LEVONE BUTTS, Individually  :   CIVIL ACTION
and as Executrix of the Estate of  :   NO.  2:07-cv-1657
GLEN RAY BUTTS, Deceased  :
           Plaintiff  :
               :
      v.  :
               :
LLOYD WEISZ and GEORGIA WEISZ  :   **JURY TRIAL DEMANDED**
         Defendants

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT ON THE ISSUES OF LIABILITY AND CAUSATION

I.   FACTUAL NARRATIVE

This personal injury action has been filed pursuant to
Pennsylvania's Wrongful Death Act, the Survival Act, and
under the common law theory of negligent infliction of
emotional distress  as recognized in Sinn v. Burd, 486 Pa.
146, 404 A.2d 672 (1979) and its progeny.

Mr. Glen Butts died on August 21, 2006 after being
misdirected to the bathroom of the Defendants and falling
down unlit basement steps.  He is survived by his wife,
Levone Butts. Mr. and Mrs. Butts were visiting the
Defendants socially at the time of the incident. The
Buttses had never been to Defendants' home before.

Just before his fatal fall, Mr. Butts excused himself
to use the restroom and passed one of the Defendants on the
way, Mrs. Weisz.  Mr. Butts mentioned to Mrs. Weisz that he

was going to the restroom. The most direct route to the
restroom would have been to the left of Mrs. Weisz, but
Mrs. Weisz did not indicate to Mr. Butts that he was
walking in the wrong direction to the bathroom even though
she admitted to her insurance company that she was
"confused" why Mr. Butts was heading in the wrong
direction.

Thinking he was heading to the bathroom, Mr. Butts
proceeded to walk into a dark, unlit vestibule, and fell
down the basement steps, sustaining fatal head injuries.
The basement steps had no known door and there is an eight-
inch step-down adjacent to the top of the basement steps.

All parties and all experts have been deposed and
discovery has been completed. As a result of said
discovery, there have emerged certain undisputable facts.
See Statement of Undisputable Material Facts, filed
separately.

II.  STATEMENT OF LAW

Federal Rule of Civil Procedure 56(c) provides that
summary judgment may be granted if, drawing all inferences
in favor of the nonmoving party, "the pleadings,
depositions, answers to interrogatories, and admissions on
file, together with the affidavits, if any, show that there
is no genuine issue as to any material fact and that the

2

moving party is entitled to a judgment as a matter of law."

Fed. R. Civ. P. 56(c). A motion for summary judgment is not

defeated by the mere existence of some disputed facts;

rather, there must be a genuine issue of material fact.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106

S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (emphasis added).

In Celotex Corp v. Catrett, the Supreme Court held

that:

> [s]uch a motion, whether or not accompanied by
> affidavits, will be "made and supported as provided in
> this rule," and Rule 56(e) therefore requires the
> nonmoving party to go beyond the pleadings and by her
> own affidavits, or by the "depositions, answers to
> interrogatories, and admissions on file," designate
> "specific facts showing that there is a genuine issue
> for trial."

477 U.S. 317, 324 (1986) (emphasis added). There must be

"sufficient evidence favoring the nonmoving party for a

jury to return a verdict for that party. If the evidence is

merely colorable, or is not significantly probative,

summary judgment may be granted." Anderson, 477 U.S. at

249-50 (citations omitted).

Homeowners owe an increased duty of care to social

guests, who are considered "licensees" in Pennsylvania. In

Fisher v. Findlay, the Superior Court of Pennsylvania

followed the description of this duty in the Restatement

(Second) of Torts. 465 A.2d 1306, 1309-10 (Pa. Super.

1983). The Restatement describes this duty as:

> § 342. Dangerous Conditions Known to Possessor
> A possessor of land is subject to liability for physical
> harm caused to licensees by a condition on the land if,
>> (a) the possessor knows or has reason to know of the
>> condition and should realize that it involves an
>> unreasonable risk of harm to such licensees, and
>> should expect that they will not discover or realize
>> the danger, and
>> (b) he fails to exercise reasonable care to make the
>> condition safe, or to warn the licensees of the
>> condition and the risk involved, and
>> (c) the licensees do not know or have reason to know
>> of the condition and the risk involved.

See id. (citing Restatement 2d, Torts §342). Accordingly, a

homeowner owes an increased duty of care to social guests

in Pennsylvania.

   II.   ARGUMENT

      Plaintiff, Ms. Butts, hereby incorporates the

Statement of Undisputed Facts filed separately as part og

the present Motion for Summary Judgment, as though its

contents were fully set forth in this Memorandum of Law.

         a. The Poorly Lit Open Stairwell in Combination with
            the Poorly Lit Step-Down and Oddly-located Light
            Switch is Dangerous.

      As noted in the expert report of Robert Stevens, Jr.,

R.A., single steps are a well-known tripping hazard and

are considered dangerous. See Exhibit "I" at 4-7. Defense

expert Bert Davis agrees with this assessment. See Expert

Report of Bert Davis, attached hereto as Exhibit "P", at
p. 9.

Defendants' own expert admits that the illumination
levels actually existing in the landing area at the time
of the fall were well below the minimum levels set forth
in professional guidelines. See Deposition of Mr. Davis,
Exhibit "K" at 87. He refers to the guidelines set forth
for residential passage areas published by the
Illuminating Engineers Society of North America, of which
he is himself a member. Exhibit "P" at 9. Although he
opines that the "lighting for the kitchen and landing was
bright with the ceiling fixtures illuminated," the
illumination levels *without* the lighting turned on -- the
conditions actually existing --  is acknowledged by
Defendants' expert to be well below the recommended IESNA
guidelines. Exhibit "P" at 9, 8. It is undisputed here
that the ceiling and landing area fixtures were off at the
time of the fatal incident. Additionally, the location of
the light switch is highly unusual, in a place where a
guest of the home would not be expected to find it easily.
See Exhibit "J" at 34; see also Exhibit "K" at 59.

Any one of these factors alone would potentially be
enough to create a dangerous condition. Taken together,

they created a particularly dangerous situation in the area of the stairwell.

###### b. The Owners Knew or Should Have Known of the Danger.

Mr. and Mrs. Weisz had at least constructive notice of the dangerous condition created by the convergence of the conditions described above. They lived in the subject house every day, and appreciated the dangerous condition created by the dark step-down. Even the Defendants' daughter testifies that she does not go into the landing area at night without turning on the overhead lights. Defendants created the dangerous condition of the dark step-down, either by consciously turning the lights off or by neglecting to turn the lights on despite the danger. If they had been reasonably attentive they would have realized that allowing the area to be cloaked in darkness created a hazard, especially to an elderly couple which had never been in the house before that day. The simple acts of (1) turning on the overhead fixtures, (2) blocking the dark and dangerous open stair by closing the pocket door, or (3) telling Mr. Butts that he was taking the wrong path to the bathroom, would have prevented this unnecessary tragedy. See Deposition of Defendants' expert, Exhibit L, p. 54,

lines 12-24. Because they lived there every day, the
Defendants had at least constructive notice of the danger
created by the dark step-down.

> c. The Defendants Failed to Warn Their Guests of the
>    Dangers.

It is undisputed that Defendants did not warn their
guests, Mr. and Mrs. Butts, of the potentially fatal hazard
created by the dangerous condition in the dark stairwell.
Because they were social guests, the Buttses enjoyed
"licensee" status under Pennsylvania law. See Fisher, 465
at 1309-10. As such, Defendants had an increased duty of
care towards them, and Defendants had the affirmative
obligation to exercise reasonable care to make the
condition safe, or to warn the licensees of the condition,
and the risk involved. See id.; Restatement 2d, Torts,
§342.

Among other ways to warn Mr. and Mrs. Butts,
Defendants could have closed the available pocket door at
the top of the stairs or turned on the available overhead
lights in the area to make the dangerous step-down visible.
Instead, they did nothing to make the condition safe or to
warn their guests of the dangerous condition created by the
dark step-down and open stairwell. Thus, the Defendants

failed in their duty towards the Buttses, who were guests
in the Defendants' home.

     d. <u>The Plaintiffs Did Not Appreciate the Danger</u>

    Mr. Butts did not appreciate the danger of the dark
step-down. Instead, he believed he was going to the
bathroom.  As described in <u>Fisher</u> and the Restatement
(Second) of Torts, Mr. Butts was a licensee. <u>See</u> <u>Fisher</u>,
465 at 1309-10; <u>Restatement 2d, Torts, §342</u>. He did not
know of, nor should he have known of, the danger of the
dark step-down. He had never been at Defendants' home
before that day. The Defendants did not warn him that he
was heading in the wrong direction to the bathroom.
Additionally, the Defendants consciously turned the light
off or chose not to turn the light on in the area of the
dark step-down, despite the danger. Defendants thus created
a dangerous condition which was ultimately the demise of
Mr. Butts, who did not appreciate the dangerous condition.

     e. <u>There Is No Dispute on Factual Cause</u>

    This issue is most easily disposed of.  It is
undisputed that the fall down the basement stairs caused
the death of Mr. Butts. Plaintiff has offered the expert
opinion of Jonathan Arden, M.D., in support of this fairly
obvious conclusion. <u>See</u> Exhibit "N" (report of Dr. Arden).
Defendants have not presented any evidence suggesting

otherwise. Thus there is absolutely no dispute that the fall down the basement steps caused the death of Mr. Butts; as such, this Honorable Court should grant partial summary judgment on this issue.

   III. CONCLUSION

       Because it is uncontroverted that the step-down cloaked in darkness was a dangerous condition, especially to an older couple; because Defendants knew or had reason to know of the dangerous condition and failed to warn the Buttses of the dangerous condition; because the Buttses did not and should not have appreciated the danger of the dark step-down; and because there is no dispute that the his fall down the basement stairs caused the death of Mr. Butts, Plaintiff is entitled to partial summary judgment on the issues of causation and liability as there is no genuine issue of material fact regarding these issues. This matter should continue to trial only on the issue of damages.

                                    Respectfully Submitted,


                            BY:_____
                                 Eric G. Zajac, Esquire
                                    ZAJAC & ARIAS, LLC
                                 Attorney for Plaintiff


DATED:    July 12, 2009