IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MS. LEVONE BUTTS, Individually and as Executrix of the Estate of GLEN RAY BUTTS, Deceased<br>            Plaintiff<br><br>            v.<br><br>LLOYD WEISZ and GEORGIA WEISZ<br>            Defendants | CIVIL ACTION<br>NO. 2:07-cv-1657 |

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL
FACTS COMBINED WITH DEFENDANTS' RESPONSES THERETO**

Plaintiff Levone Butts, individually and as personal representative of the estate of her late husband, Glen Ray Butts, through her attorney, Eric G. Zajac, Esquire, ZAJAC & ARIAS, L.L.C., pursuant to this Honorable Court's Case Management Order – Summary Judgment dated June 19, 2008, hereby files the following Combined Concise Statement of Material Facts setting forth the Plaintiff's original Concise Statement of Material Facts and Defendants' Responses thereto:

STATEMENT OF UNDISBUTABLE MATERIALS FACTS

The following table, with specifically numbered paragraphs, contains relevant undisputable material facts and the Defendants' Responses to such:

| Undisputable Material Facts | Defendants' Response |
|---|---|
| 1. Plaintiff is Ms. Levone Butts ("Mrs. Butts") individually and on behalf of the estate of her late husband, Mr. Glen Ray Butts ("Mr. Butts" or "Plaintiff-decedent"). | The statements of fact contained in Paragraph 1 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 2. At all relevant times, Mr. and Mrs. Butts were married. | The statements of fact contained in Paragraph 2 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| | |

| | |
|---|---|
| 3. Mr. and Mrs. Butts were residents of California. | The statements of fact contained in Paragraph 3 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 4. Defendants are Lloyd Weisz and Georgia Weisz. They are the owners of a residential property (hereafter referred to as "the property") located at 164 Miller Farms Road, Edinburg, Pennsylvania, 16116. | The statements contained in Paragraph 4 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 5. The Buttses and the Weiszes (Defendants) came to know each other socially when they all lived in California many years ago. | The statements contained in Paragraph 5 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 6. The Defendants eventually moved to Pennsylvania, and several years later invited the Buttses to visit them to celebrate the Butts' wedding anniversary. | The statements contained in Paragraph 6 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 7. The Buttses accepted this invitation, flew to Pittsburgh, and were social guests of the Defendants on August 21, 2006. | The statements contained in Paragraph 7 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 8. The Buttses were visiting the Defendants' home for the first time on August 21, 2006. | The statements contained in Paragraph 8 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 9. The property is a three bedroom ranch-style home with a finished basement, owned by and occupied continuously by the Defendants since 1999. | The statements contained in Paragraph 9 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 10. The basement of the property does not have a bathroom. | The statements contained in Paragraph 10 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 11. The layout of the main floor of the property is generally rectangular, with a small den on one end, and a guest bedroom on the other end. | The statements contained in Paragraph 11 of Plaintiff's Statement of Undisputable Material Facts are denied as stated; to the contrary, there are two bedrooms at the end of the property opposite the end of the property where the den is located. *See*, Bert Davis Diagram, Ex. "1".[1] |
| 12. There are two bedrooms at the property situated next to each other, including the guest bedroom referred to above. | The statements contained in Paragraph 12 of Plaintiff's Statement of Undisputable Material facts are denied as stated; to the contrary, there are a total of three bedrooms at the property. *See,* Bert Davis Diagram, |

---

[1]  Pursuant to Western District Local Rule 56.1C(3), all of the exhibits referenced in Defendants' responses herein are contained in an Appendix filed contemporaneously by Defendants with their Response to Plaintiff's Motion for Partial Summary Judgment.

| | |
|---|---|
| | Ex. "1". |
| 13. There is a bathroom in the hallway between the two bedrooms. | The statements contained in Paragraph 13 of Plaintiff's Statement of Undisputable Material facts are denied as stated; to the contrary, the bathroom is on the same side of the hallway as the master bedroom and on the side of the hallway opposite the two additional bedrooms.  *See,* Bert Davis Diagram, Ex. "1". |
| 14. There is a back door to the house which is used as the primary way in and out of the house by the Defendants. | The statements contained in Paragraph 14 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 15. Mr. Butts was 84 years old at the time of the incident. | The statements contained in Paragraph 15 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 16. On the day of the incident, no one noticed Mr. Butts having any difficulty with his gait or with his balance.  Nor was he generally-speaking suffering from any medical conditions predisposing him to falling, stumbling, or losing his balance. | The statements contained in Paragraph 16 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 17. Shortly before the incident, and after going out to dinner, Mr. Butts and Defendant Lloyd Weisz were in a den watching television while their wives were in an adjoining living room looking at photos. | The statements contained in Paragraph 17 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 18. Mr. Butts got up and left the den; his intention was to use the restroom in the hallway outside the bedrooms. | The statements contained in Paragraph 18 of Plaintiff's Statement of Undisputable Material Facts are admitted in part and denied in part.  It is admitted that Mr. Butts got up and left the den.  As to the statement that "his intention was to use the restroom in the hallway outside the bedrooms;" said statement is denied, as it cannot be known what Mr. Butts' intention was when he got up and left the den. |
| 19. Mr. Butts signaled his intention to use the restroom by stopping where the wives were looking at photos and telling them he was going to the restroom. | The statements contained in Paragraph 19 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 20. The most direct path to the restroom | The statements contained in Paragraph 20 |

| | |
|---|---|
| was to the left of where the wives were seated.  In fact, anyone sitting or standing in the living room would be able to look into the direction of the hallway just off the foyer which annexed the living room itself. | of Plaintiff's Statement of Undisputable Material Facts are denied as stated; to the contrary, it is not known what the "most direct path to the restroom" is, as there are no measurements of the exact distance of each route.  Furthermore, it is denied that anyone sitting or standing in the livingroom would be able to look into the direction of the hallway, as there is a wall between the livingroom and the hallway down which the bathroom is located.  *See*, Bert Davis Diagram, Ex. "1". |
| 21. Instead of taking the most direct path to the restroom (to the left of the wives), Mr. Butts turned his back to the wives and walked into and through the dining room (across from the wives). | The statements contained in Paragraph 21 of Plaintiff's Statement of Undisputable Material Facts are admitted in part and denied in part.  It is denied that there is a "most direct path to the restroom" as there are no measurements of the exact distance of each route.  The remaining statements in Paragraph 21 are admitted. |
| 22. Although Mrs. Weisz was confused as to why Mr. Butts walked into the dining room to go to the restroom, she did not act on this confusion by redirecting Mr. Butts. | The statements contained in Paragraph 22 of Plaintiff's Statement of Undisputable Material Facts are denied as stated; to the contrary, Mrs. Weisz testified regarding the out-of-context note taken by a State Farm Claim Representative that she was confused as to why, when the Decedent went through the kitchen, the Decedent chose the path to the doorway to the basement rather than the path to the hallway which lead to the bathroom.  She further testified that she was not confused about the path that the Decedent was taking at the time the Decedent went through the living room. *See,* Transcript of the Deposition of Georgia Weisz, pp. 25-28.  Copies of said pages are attached collectively to the Appendix as Ex. "2". |
| 23. After walking through the dining room, Mr. Butts walked into the kitchen, where the overhead lighting was turned "off" and where some "accent" lighting was in use. | The statements contained in Paragraph 23 of Plaintiff's Statements of Undisputable Material Facts are admitted in part and denied in part.  It is admitted that the overhead lighting in the kitchen was turned |

| | |
|---|---|
| | off at the time of the incident. As to the phrase, "where some 'accent' lighting was in use;" said phrase is denied as stated, as the term "accent" is not properly defined or quantified. *See*, Transcript of the Deposition of Georgia Weisz, pg. 25. |
| 24. There is a single step-down of approximately eight inches at the connection between the kitchen and the landing at the top of the basement steps. | The statements contained in Paragraph 24 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 25. The lighting on in the kitchen at the time of the incident has been variously described as "accent" or "night" lighting, and was limited to a 7-watt bulb near the kitchen sink, a low-wattage plug-in incandescent located on the window sill and a 100 watt bulb under a hood over the stove. | The statements contained in Paragraph 25 of Plaintiff's Statement of Undisputable Material Facts are denied as stated; to the contrary, the lighting which was turned on in the kitchen at the time of the accident consisted of: a lamp with a 7 watt bulb on the windowsill next to the microwave and above the kitchen sink; another 7 watt bulb in a light located on the china hutch on the opposite side of the kitchen; and two (2) 100 watt incandescent bulbs under the hood over the stove next to the door to the landing. *See,* Stevens Report, pg. 3 (A copy of which is attached to the Appendix as Ex. "3"); Bert Davis Report, pp. 5-6 (A copy of which is attached to the Appendix as Ex. "4"). |
| 26. At the back door to the house, there is a T-shaped configuration consisting of the back door on one side of the T's stem, the top of the basement stairwell on the other side of the T's stem, and the single step to the kitchen at the center of the T's stem. The balance of the stem is the threshold or passage-through from the kitchen into the area of the back door and basement steps. This is often referred to in the record as the "landing" area between the back door and the kitchen. | The statements contained in Paragraph 26 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 27. An overhead lighting fixture at the top of the basement steps was turned "off" at the time of the fall. | The statements contained in Paragraph 27 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 28. The layout of the property where the fall occurred, consisting of a step-down, a | The statements contained in Paragraph 28 of Plaintiff's Statement of Undisputable |

| | |
|---|---|
| stairwell with no known door, and a light-switch outside the landing area, is atypical. Both liability experts testified that the triad of a back door, step up into the kitchen, and basement steps with no door was unusual. | Material Facts are denied as stated; to the contrary, Mr. Stevens testified that the location of the light switch was atypical. Furthermore, Mr. Stevens' opinion as to the atypical location of the light switch was based on his own experience, not any type of objective survey of the layouts of homes built at this time. *See*, Stevens Transcript, pp. 34-35. (Copies of all pages of Mr. Stevens' Deposition Transcript referenced herein and in Defendants' Brief appear in the Appendix as Ex. "5"). As to the other liability expert, Mr. Davis, his answer that he "rarely if ever" saw a layout of this type was qualified with the immediate prior sentence, "[t]he pocket door is unusual". *See*, Davis Transcript, pg. 61. (Copies of all pages of Mr. Davis' Deposition Transcript referenced herein and in Defendants' Brief appear in the Appendix as Ex. "6") |
| 29. At the time of the incident, the Defendants were completely unaware of the existence of a "pocket door" between the connection of the kitchen and the top of the basement steps. | The statements contained in Paragraph 29 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 30. The pocket-door was not in use at the time of the incident. | The statements contained in Paragraph 30 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 31. There is no door at the top of the basement steps. | The statements contained in Paragraph 31 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 32. There is no light switch for the basement steps in the landing area itself, that is, the area between the back door and the top of the basement steps. | The statements contained in Paragraph 32 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 33. A trash can was situated to the right of the stove, and the combination of the stove and trash can cast a shadow over the step-down from the kitchen to the landing area. | The statements contained in Paragraph 33 of Plaintiff's Statement of Undisputable Material Facts are denied as stated; to the contrary, the counter top and trash can cast a shadow which covered only part of the |

| | |
|---|---|
| | step down from the kitchen to the landing area. *See*, Stevens Report, pp. 3-4 and Davis Report, pg. 8. |
| 34. Un-lit step-downs in passage areas are considered dangerous. | The statements contained in Paragraph 34 of Plaintiff's Statement of Undisputable Material Facts are denied as stated; to the contrary, page 42 of Mr. Stevens' Transcript does not make the statement as set forth in Plaintiff's filing, rather Mr. Stevens testified that there must be "enough light to be able to recognize a hazard, yes". Stevens Transcript, pg. 42, line 14-15. By way of further answer, on page 80 of Mr. Davis' Transcript, it does not make the statement as set forth in Paragraph 34 either, rather he testified "in my report I do agree that a single step can be a tripping hazard." Davis Transcript, pg. 80, lines 20-22. He also testified that, ". . . I have explained that a single step in an older building does not involve a hazard that would be considered so dangerous that it should be changed." Davis Transcript, pg. 45, lines 10-13. |
| 35. Un-lit door-less stairwells are considered dangerous. | The statements contained in Paragraph 35 of Plaintiff's Statement of Undisputable Material Facts are denied as stated; to the contrary, Mr. Stevens did not make that particular statement in pages 42-43 of his Transcript. |
| 36. The illumination levels prevailing at the landing area at the time of the fall did not meet minimum standards set forth by the Illuminating Engineering Society of North America (IESNA). | The statements contained in Paragraph 36 of Plaintiff's Statement of Undisputable Material Facts are denied as stated; to the contrary, the available lighting did conform with the IESNA Guidelines, which are based upon the lighting being turned on when the measurements are taken, not turned off as they were when the measurements were taken by the two experts. *See*, Affidavit of Bert Davis, Ex. "7". |
| 37. The Butts' liability expert, Mr. Robert Stevens, objectively measured the illumination levels in the kitchen and in the landing area. Although not necessarily | The statements contained in Paragraph 37 of Plaintiff's Statement of Undisputable Material Facts are denied as stated to the extent that counsel for Plaintiff paraphrases |

| | |
|---|---|
| "pitch black" conditions, the lighting in the kitchen was dim, and in the landing area, more dim. | the testimony of Mr. Stevens and Dr. Davis, neither of whom used the terms "dim" or "more dim" in their testimony on the pages that were cited. |
| 38. The defense expert admitted at deposition that with the available lighting turned off, and with the lighting levels actually in use at the time of the fall, the IESNA guidelines were not met. | The statements contained in Paragraph 38 of Plaintiff's Statement of Undisputable Material Facts are denied to the extent that they are not "undisputed."  It is admitted that Dr. Davis testified that with the lighting turned off, the area would not be in conformance with IESNA guidelines. However, Dr. Davis has also stated that the IESNA guidelines are based upon the lighting being on when the measurements are taken and that there is no requirement in the IESNA guidelines requiring the lights to be left on in unused areas of single family residences.  *See*, Davis Affidavit. |
| 39. Mrs. Butts heard a "big crash" shortly after her husband walked into the dining room from the kitchen. | The statements contained in Paragraph 39 of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 41. Mr. Butts fell down the basement steps of the home of Defendants on the evening of August 26, 2006. | The statements contained in Paragraph 41[sic] of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 42. Mr. Butts fell hard and fast, as evidenced by the fact that his rings were knocked off, and there was a scuff mark on the railing above the bottom step. | The statements contained in Paragraph 42[sic] of Plaintiff's Statement of Undisputable Material Facts are denied as stated and constitute argument rather than a statement of fact.  It is admitted that Mr. Butts' rings were found beside his body and that there was a scuff mark on the railing above the bottom step.  However, Mr. Weisz did not testify as to when the scuff mark was made and in response to a direct question as to whether he associated the mark as being a scuff mark from a show, Mr. Weisz testified "I don't know.  It was a black mark."  Lloyd Weisz Deposition Transcript, pg 49, line 13-15, Ex. "8".  The statement that Mr. Butts fell "hard and fast" is denied as said statement is purely speculative.  Moreover, as to the statement that the scuff mark "if indeed caused by a shoe suggests that  Mr. Butts was catapulting or cart-wheeling down the |

| | |
|---|---|
| | steps" is denied, as this too is purely speculative and really the argument of counsel, as Mr. Stevens makes no such assertion on page 3 of his report as is stated in Plaintiff's Statement of Undisputable Material Facts. |
| 43. Mrs. Butts raced to the landing area to find her husband unresponsive at the bottom of the basement steps. | **\* Defendants originally did not respond to this Paragraph; upon inquiry, Defendants admitted to the statement of fact in paragraph 43.** |
| 44. Mrs. Butts's frantic attempts to revive her husband, including CPR, were unsuccessful. | The statements contained in Paragraph 44[sic] of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 45. Mr. Butts was taken emergently to the hospital where he was pronounced dead of blunt head trauma. | The statements contained in Paragraph 45[sic] of Plaintiff's Statement of Undisputable Material Facts are admitted. |
| 46. Mr. Butts' actions are consistent with failing to appreciate the darkness-cloaked drop-down, stepping forward with his left foot as if simply stepping forward on an even surface, losing his balance, falling to his left, and plunging down the stairwell to his death. *Even the defense expert accepts this scenario as entirely plausible*. | The statements contained in Paragraph 46[sic] of Plaintiff's Statement of Undisputable Material Facts as to the Decedent's actions being consistent with one particular scenario as to how he fell are denied as stated, in that they are not "undisputed." To the contrary, Dr. Davis has stated that "[t]here was no physical evidence that was available to determine the mechanics of this incident" and "the cause and mechanics of the accident are not known with a reasonable degree of engineering certainty." Davis Report, pg. 3 and 11. |
| 47. As a result of the fall, Mr. Butts sustained fatal injuries. | The statements contained in Paragraph 47[sic] of Plaintiff's Statement of Undisputable Material Facts are denied as stated, to the extent that they are not "undisputed." The opinions set forth in the Death Certificate and Dr. Arden's report as to the cause of death are not based upon an autopsy, which according to the death certificate was not performed, and are subject to cross-examination at trial. |
| 48. Mrs. Butts has served the report of forensic pathologist Jonathan Arden, M.D. who opines that the fall down the basement steps was the factual cause of Mr. Butts' | The statements in Paragraph 48[sic] of Plaintiff's Statement of Undisputable Material Facts consist of legal conclusions to the extent the term "factual cause" is |

| | |
|---|---|
| death. | used. It is admitted that Dr. Arden's Report opines that the fall caused Mr. Butts' death, however, Dr. Arden's opinion is not based upon an autopsy, which according to the death certificate was not performed, and is subject to cross-examination at trial. Additionally, as to the term "factual cause", the legal question presented in this case is whether the alleged negligence of the Weiszes caused Mr. Butts to fall, which is the appropriate use of the term "factual cause". |
| 49. Defendants have not proffered any evidence to challenge that the fall was the factual cause of Mr. Butts' death. | The statements in Paragraph 49[sic] of Plaintiff's Statement of Undisputable Material Facts are denied to the extent that said statements presume that the Defendants are required to present evidence to rebut the Plaintiff's expert opinions as to the cause of death. To the contrary, it is the Plaintiff's burden to prove the cause of death, which evidence will be subject to proper cross-examination at the time of trial. |
| 50. Drugs and alcohol are not factors in Mr. Butts' fatal fall. | The statements in Paragraph 50[sic] of Plaintiff's Statement of Undisputable Material Facts are admitted in part and denied in part. It is admitted that Defendants have no information that alcohol was a factor in Decedent's fall as they did not witness him drink in the time prior to the incident. As to the statement that drugs were not a factor in Decedent's fall, said statement is denied as stated as it cannot be said to be "undisputed". The Decedent was known to be on various medications at the time of the incident and, as no autopsy or blood tests were performed, Defendants cannot say whether the medications were a factor in the fall. |

Respectfully Submitted,

BY:_____
    Eric G. Zajac, Esquire
    ZAJAC & ARIAS, LLC
    Attorney for Plaintiff

DATED:     September 8, 2009